```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :
          - v. -                 :    SEALED INDICTMENT
                                 :
NIKET JAIN,                      :    19 Cr. __ (  )
                                 :
               Defendant.        :    19 CRIM 059
                                 :
- - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 28 2019

COUNT ONE
(Conspiracy to Commit Securities Fraud and Wire Fraud)

The Grand Jury charges:

### Relevant Individuals and Entities

1. At all times relevant to this Indictment, a company (the "Investment Company") purported to be a securities investment advisor to a master fund (the "Master Fund"), a Cayman islands limited partnership that purported to operate as a hedge fund with a number of contributing on and off shore feeder funds. The Investment Company was headquartered and operated from locations in New York, New York.

2. At all times relevant to this Indictment, NIKET JAIN, the defendant, served as a managing member of the Investment Company and, together with another managing member of the Investment Company ("Individual-1"), controlled the Master Fund.

### The Scheme to Defraud

3. From at least in or about 2010 up to and including in or about 2014, NIKET JAIN, the defendant, working together with

Individual-1, raised approximately $20 million from investors by falsely representing to them that the investments made through the Master Fund were accumulating capital gains. In truth and in fact, the investment of those investors' funds had either not taken place or had actually resulted in substantial losses. Notwithstanding those losses, JAIN and Individual-1 drew down on funds provided by the investors to pay JAIN, Individual-1, and the Investment Company.

### Statutory Allegations

4. From at least in or about 2010 up to and including in or about 2014, in the Southern District of New York and elsewhere, NIKET JAIN, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, and wire fraud, in violation of Title 18, United States Code, Section 1343.

5. It was a part and object of the conspiracy that NIKET JAIN, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities,

manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

6.   It was a further part and object of the conspiracy that NIKET JAIN, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

**Overt Acts**

7. In furtherance of the conspiracy and to effect its illegal objects, NIKET JAIN, the defendant, and Individual-1 committed the following overt acts, among others, in the Southern District of New York and elsewhere:

    a. In or about January 2012, Individual-1 provided a net asset valuation statement to a representative of an investor ("Investor-1"). The net asset valuation statement falsely represented that the total valuation of Investor-1's holdings in the Master Fund was approximately $18 million as of December 30, 2011, when in fact, the Master Fund brokerage account valuation was approximately $7 million as of December 30, 2011.

    b. In or about April and May 2012, JAIN doctored the financial data contained in an account statement that had been provided to the Investment Company by the Investment Company's broker. The altered account statement was subsequently provided to an auditor then conducting an audit of the Investment Company at the request of Investor-1.

    c. In or about February 2013, JAIN created falsely inflated net asset valuation statements, which Individual-1 thereafter sent to an investor ("Investor-2"). Each net asset valuation statement falsely represented that the net asset value per share held by Investor-2 was over $1,100, when in fact, Investor-2's funds were never invested in any security.

      d. On or about March 23, 2013, Individual-1 sent an email to Investor-2 in which he falsely represented that Investor-2's investment through the Master Fund earned a "net cumulative 20.3% return since inception," when in fact, Investor-2's funds were never invested, and no returns had been realized on Investor-2's funds.

      e. On or about January 30, 2014, Individual-1 sent an email copying JAIN, directing the bank managing an operating account of the Investment Company to pay Investor-2 approximately $271,000, purportedly as a return on investment, when in fact, that money was not a return on Investor-2's investment, but was money received by the operating account from a third-party company controlled by Investor-1.

(Title 18, United States Code, Section 371.)

COUNT TWO
(Securities Fraud)

The Grand Jury further charges:

8. The allegations contained in paragraphs 1, 2 and 7 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

9. From at least in or about 2010 up to and including in or about 2014, in the Southern District of New York and elsewhere, NIKET JAIN, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate

commerce, and of the mails, and of the facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, JAIN made and caused to be made false representations to investors, including through fraudulently altered documents, that investments made through funds controlled by JAIN were accumulating capital gains, whereas in truth and in fact the investment of those investors' funds had either not taken place or had actually resulted in substantial losses.

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5;
and Title 18, United States Code, Section 2.)

### COUNT THREE
(Wire Fraud)

The Grand Jury further charges:

10. The allegations contained in paragraphs 1, 2 and 7 of this Indictment are hereby repeated, realleged, and incorporated

by reference, as if fully set forth herein.

11. From at least in or about 2010 up to and including in or about 2014, in the Southern District of New York and elsewhere, NIKET JAIN, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, JAIN, through emails sent by Individual-1 from New York, New York, to Europe, among other locations, made and caused to be made false representations to investors, including through fraudulently altered documents, that investments made through funds controlled by JAIN were accumulating capital gains, whereas in truth and in fact the investment of those investors' funds had either not taken place or had actually resulted in substantial losses.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOUR
(Obstruction of Justice)

The Grand Jury further charges:

12. The allegations contained in paragraphs 1, 2 and 7 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

13. On or about January 26, 2018, in the Southern District of New York and elsewhere, NIKET JAIN, the defendant, knowingly, intentionally, and corruptly obstructed, influenced, and impeded an official proceeding, and attempted to do so, to wit, JAIN provided false sworn testimony in an official proceeding before the Securities and Exchange Commission regarding his involvement in the creation of false documents and the making of false representations to investors who invested in funds controlled by JAIN and Individual-1.

(Title 18, United States Code, Section 1512(c).)

## FORFEITURE ALLEGATIONS

14. As the result of committing the offenses alleged in Counts One, Two, Three, and Four of this Indictment, NIKET JAIN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One, Two, Three, and Four of this Indictment.

### Substitute Asset Provision

15. If any of the forfeitable property described above, as a result of any act or omission of NIKET JAIN, the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____  1/28/19
Foreperson

_____
GEOFFREY S. BERMAN
United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

**NIKET JAIN,**

Defendant.

**INDICTMENT**

19 Cr. \_\_ ( )

(18 U.S.C. §§ 2, 371, 1343, 1512(c); 15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. § 240.10b-5.)

GEOFFREY S. BERMAN
United States Attorney.

*/s/* 1/28/19