UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                     19-cr-59 (PKC)

        -against-                                  OPINION
                                                        AND ORDER
NIKET JAIN,

                              Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Niket Jain ("Jain") moves for a bill of particulars and suppression of certain evidence. For the reasons below, defendant's motions are denied.

    I.       <u>Defendant's Motion for a Bill of Particulars Is Denied</u>.

        Defendant moves for a bill of particulars under Rule 7(f), Fed. R. Crim. P., arguing that more information about the overt acts of the charged conspiracy is "critical" to his defense. (Def. Ltr. at 1–2 (Oct. 25, 2019)). Specifically, defendant requests a bill of particulars to identify (1) why the email referenced in paragraph 7(e) of the Indictment is alleged to have been sent in furtherance of the indicted conspiracy, (2) other overt acts undertaken in furtherance of the alleged conspiracy, (3) each alleged false representation in the Indictment, (4) the alleged false documents and representations referenced in paragraph 13 of the Indictment, and (5) the securities at issue in Counts One and Two of the Indictment. (<u>Id.</u>). The government argues that a bill of particulars is unnecessary as the Indictment, supplemented by already produced discovery, provides sufficient information for defendant to prepare for trial and to prevent surprise. (U.S. Ltr. at 3 (Nov. 7, 2019) (Doc. 32 at 3)).

        Rule 7(f), Fed. R. Crim. P., provides for a bill of particulars when necessary to

allow a defendant "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) (quoting United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999)). However, "[a] bill of particulars is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial." United States v. Gibson, 175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001). "The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court. Generally, if the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." Bortnovsky, 820 F.2d at 574 (internal citations omitted).

In the present action, a bill of particulars is unnecessary to address the points raised by defendant as the Indictment does not contain vague or generalized allegations, but instead provides sufficient detail to allow defendant to prepare for trial and to prevent surprise. First, the Indictment offers dates, identifications of the sender and recipients, and a specific description of the contents of the email referenced in paragraph 7(e). In the context of the Indictment as a whole, paragraph 7(e) contains sufficient detail to demonstrate how the relevant email furthered the alleged conspiracy. Second, paragraphs 7(a) to (d) provide similarly sufficiently detailed descriptions for each of the remaining four overt acts specifically alleged in the Indictment. Further, the government is not required to disclose every relevant overt act and its theory as to how each one furthered the conspiracy. United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), aff'd, 875 F.2d 857 (2d Cir. 1989) ("It is well settled that

defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts." (citing United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975))); United States v. Jimenez, 824 F. Supp. 351, 363 (S.D.N.Y. 1993) ("[D]isclosure of all the overt acts in furtherance of the conspiracy is not properly the function of a bill of particulars."). As the Indictment provides sufficient detail on a number of overt acts undertaken in furtherance of the alleged conspiracy to allow defendant to prepare for trial and to prevent surprise, a bill of particular is unnecessary for the first two issues raised by defendant.

A bill of particulars is also unnecessary to specify the false representations, false documents, or securities at issue in this case. Again, the Indictment describes the relevant false statements, falsified documents, and securities, offering dates, speakers, recipients, and quotations of the alleged false statements, identifications and descriptions of the falsified documents, and descriptions of the investments involved in the indicted conspiracy. When supplemented by discovery material, no additional information is necessary for trial preparation or to prevent surprise, so a bill of particulars is unwarranted for the remaining three issues raised by defendant.

II. Defendant's Motion to Suppress Is Denied as Moot.

On October 1, 2018, the government obtained a search warrant to collect defendant's emails and other electronic information held by Google. In relevant part, this search warrant read:

> To the extent within the Provider's possession, custody, or control, the Provider is directed to produce the following information associated with the Subject Accounts, for the dates December 1, 2009, through February 1, 2014 (inclusive):
>
> a. Email content. All emails sent to or from, stored in draft form in, or otherwise associated with the Subject Account, including all

> message content, attachments, and header information (specifically including the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email) limited to items sent, received, or created on and after April 1, 2018, inclusive;

(Doc. 32 at 3). Defendant argues because of the contradictory date ranges (i.e. "for the dates December 1, 2009, through February 1, 2014 (inclusive)" versus "on and after April 1, 2018, inclusive"), "no emails could possibly fit" the search warrant's specifications. (Def. Ltr. at 4 (Oct. 25, 2019)). Therefore, defendant argues the materials seized from Google were not covered by the search warrant and therefore should be suppressed. (Id.) The government responds that such a minor typographical error does not warrant suppression and notes that this issue is now moot because, on November 6, 2019, it obtained a corrected replacement search warrant for defendant's electronic materials. (Doc. 32 at 4).

As the government has obtained a new search warrant, which replaces the October 1, 2018 search warrant and corrects the erroneous date range contained within it, defendant's argument for suppression of electronic evidence obtained under the October 1, 2018 search warrant is indeed moot. In light of the November 6, 2019 search warrant, no live issue remains because the government has demonstrated probable cause to obtain a search warrant with the corrected date range. Defendant's motion to suppress is denied.

Even if the November 6, 2019 search warrant does not render this issue moot, the error in the October 1, 2018 search warrant was a minor typographical error that does not warrant suppression. The Second Circuit "has explained that when information within a search warrant permits the establishment of intended—but imperfectly scribed—dates, the document is not rendered deficient." United States v. Walker, 534 F.3d 168, 171 (2d Cir. 2008) (citing Velardi v. Walsh, 40 F.3d 569, 576 (2d Cir. 1994)). Here, the April 1, 2018 date restriction

> message content, attachments, and header information (specifically including the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email) limited to items sent, received, or created on and after April 1, 2018, inclusive;

(Doc. 32 at 3). Defendant argues because of the contradictory date ranges (i.e. "for the dates December 1, 2009, through February 1, 2014 (inclusive)" versus "on and after April 1, 2018, inclusive"), "no emails could possibly fit" the search warrant's specifications. (Def. Ltr. at 4 (Oct. 25, 2019)). Therefore, defendant argues the materials seized from Google were not covered by the search warrant and therefore should be suppressed. (Id.) The government responds that such a minor typographical error does not warrant suppression and notes that this issue is now moot because, on November 6, 2019, it obtained a corrected replacement search warrant for defendant's electronic materials. (Doc. 32 at 4).

As the government has obtained a new search warrant, which replaces the October 1, 2018 search warrant and corrects the erroneous date range contained within it, defendant's argument for suppression of electronic evidence obtained under the October 1, 2018 search warrant is indeed moot. In light of the November 6, 2019 search warrant, no live issue remains because the government has demonstrated probable cause to obtain a search warrant with the corrected date range. Defendant's motion to suppress is denied.

Even if the November 6, 2019 search warrant does not render this issue moot, the error in the October 1, 2018 search warrant was a minor typographical error that does not warrant suppression. The Second Circuit "has explained that when information within a search warrant permits the establishment of intended—but imperfectly scribed—dates, the document is not rendered deficient." United States v. Walker, 534 F.3d 168, 171 (2d Cir. 2008) (citing Velardi v. Walsh, 40 F.3d 569, 576 (2d Cir. 1994)). Here, the April 1, 2018 date restriction

represents a typographical error because this date limitation would otherwise restrict the search warrant to targeting a facially non-existent class of documents, i.e. materials from between December 1, 2009 and February 1, 2014 that were created on or after April 1, 2018. The search warrant's reference to the accompanying affidavit ensures that the Magistrate Judge and agent were aware of the date range intended to be covered by the search. Id. Relying on a "commonsense" interpretation of the warrant, the Court denies defendant's motion to suppress evidence obtained from the October 1, 2018 search warrant on the alternative grounds that the error in the search warrant was a minor typographical one that did not vitiate the warrant.

CONCLUSION

Defendant's motion for a bill of particulars and motion to suppress are DENIED.

SO ORDERED.

_P. Kevin Castel_
P. Kevin Castel
United States District Judge

Dated: New York, New York
December 18, 2019