

# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW

120 Broadway  
New York, New York 10271  
212-238-3000  

www.emmetmarvin.com

Paul T. Weinstein  
*Partner*  
Tel: 212-238-3090 • 212-653-1774  
Fax: 212-238-3100 • 212-653-1760  
pweinstein@emmetmarvin.com

March 11, 2020

The Honorable P. Kevin Castel  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, New York 10007  

Application Granted.

So Ordered: /s/ P. Kevin Castel  
P. Kevin Castel  
United States District Judge  
3/11/2020

Re: United States v. Niket Jain,  
Criminal Docket No. 19 Cr. 0059 (PKC)

Dear Judge Castel:

I represent the defendant Niket Jain in the above-referenced matter. I write to respectfully request that the Court modify the February 6, 2020 Protective Order in this matter, to omit paragraph 5. The February 6, 2020 Protective Order (Docket # 61) is attached hereto as Exh. A. The Government has consented to such modification.

Paragraph 5 states that "Sensitive disclosure material must be maintained solely by defense counsel, i.e. neither the defendant nor prospective witnesses may retain or maintain the original or copies of Sensitive disclosure material." Further, paragraph 6 states that "[t]he Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court." Thus, the Government may, and has, authorized the modification of the enclosed Protective Order.

We note that recent production by the Government of electronic data is so voluminous that it is not practical for the material to solely be in the possession of defense counsel, as it would preclude review by the defendant at a location other than my office. The defendant is bound by the remaining terms of the Protective Order, which, among other things, limit the use of disclosure materials produced by the Government to this proceeding and prohibit dissemination. Finally, I note that the Court earlier determined that the defendant could be in possession of discovery material in this case (*see* Docket # 23), so that the modification requested herein is a clarification rather than a substantive modification.

Respectfully submitted,

/s/ Paul Weinstein

Paul Weinstein

cc: Government Counsel via ECF

EMMET, MARVIN & MARTIN, LLP

# EXH. A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Niket Jain,<br><br>*Defendant..* | **Protective Order**<br><br>**19 Cr. 59 (PKC)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Sensitive Disclosure Material.** The Government had made and will make disclosure to the defendant of documents, objects and information, including electronically stored information, pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Sensitive Disclosure Material." The Government's sensitive disclosure material may include material that (i) affects the privacy and confidentiality of individuals; and (ii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

3. Sensitive Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties

hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

4. Sensitive disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses solely for purposes of defending this action.

5. Sensitive disclosure material must be maintained solely by defense counsel, i.e. neither the defendant nor prospective witnesses may retain or maintain the original or copies of Sensitive disclosure material.

6. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

**Return or Destruction of Material**

8. Except for sensitive disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case,

whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed sensitive disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

### Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____  Date: _____
Tara M. La Morte/Sam Raymond
Assistant United States Attorneys


Emmet, Marvin & Martin, LLP

_____  Date: _____
Paul Weinstein
Counsel for Niket Jain

3

SO ORDERED.

Dated: New York, New York
February 6, 2020

                                                 P. Kevin Castel
                                        United States District Judge