

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 13, 2020

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York, 10007

Re:  United States v. Niket Jain, No. 19 Cr. 59 (PKC)

Dear Judge Castel:

We write respectfully in response to certain questions Your Honor raised during the May 6, 2020 conference.

First, the Government has reviewed the prior productions in this case (in other words, the productions made before the identification of the Devices and their production in late February 2020), and has concluded that the document appended to defense counsel's Declaration, Dkt. No. 110-5 Ex. D, which appears to be an unsigned, draft declaration (hereinafter "Exhibit D"), was not previously produced to the defendant.

Second, on May 13, 2020, the Government contacted the attorneys at the Securities and Exchange Commission who investigated Individual-1, the defendant, and their hedge fund Aberon Capital, to ask if a declaration like Exhibit D had ever been submitted during the SEC's investigation.[1] The SEC responded this evening and sent a signed declaration of Semen Kaplan dated July 31, 2017, enclosed with this letter as "Attachment A."

Third, the Government has identified an Assistant United States Attorney and an FBI Special Agent to engage in the filter review (collectively, the "Filter Team") contemplated by the Court during the May 6 conference. The "Investigative Team" (AUSAs La Morte, Raymond, and FBI Agent Polonitza) has provided the Filter Team with an overview of the case. The Government proposes the following:

- The Investigative Team is currently working with the Government's Information Technology specialists ("IT") to upload all prior productions in this case to a review platform (the "Review Platform") which can be reviewed by all members of the Filter Team, including if they are working remotely. The Investigative Team has

---

[1] As previously relayed to the Court, the Government had produced all documents that the SEC had provided to it, and did not locate any version of Exhibit D among them.

- spoken repeatedly with IT, who has cautioned that given the size of the Devices, uploading the contents of the Devices to the Review Platform will take approximately two weeks.  IT began this upload on or about May 12, 2020.
- Counsel for Individual-1 will send directly to the Filter Team the documents marked as privileged in the privilege log submitted by Individual-1's counsel on April 24, 2020 (the "Individual-1 Privileged Documents")[2].
- The Individual-1 Privileged Documents will also be uploaded to the Review Platform; however, those documents will be accessible only to the Filter Team.
- The Filter Team will draft a memorandum, with the following parameters:
    - The Filter Team will cross-reference each Individual-1 Privileged Document sent by Individual-1's counsel to the documents on the Review Platform to determine if it was previously produced.[3]
    - For each document that was not produced, the Filter Team will determine whether it would be subject to disclosure under Rule 16 or another provision of federal law, and write a short description of both the nature of the document and why the document would be or would not be subject to disclosure.
    - The Investigative Team has sent to the Filter Team the above-referenced Exhibit D.  The Filter Team will separately categorize any drafts or communications regarding Exhibit D in its memorandum.
- The Filter Team will submit this memorandum to both the Court and counsel for Individual-1 in the first instance, so that Individual-1 can assert any applicable privilege or assert that the document is not otherwise subject to disclosure, and then the Court can determine the discoverability of each document described in the memorandum.
- The Government expects that the Filter Team will be able to complete this review and the memorandum by the end of July 2020.[4]

Fourth, the Government proposes the following schedule for pre-trial submissions, which matches the deadlines in relation to the trial date as previously contemplated by the Court's prior scheduling orders.  We have consulted with defense counsel, who has consented to this proposed schedule.

---

[2]   The Government notes that the Court has not yet ruled on whether documents connected to Aberon Capital, the company which Individual-1 and the defendant operated together from about 2010 to 2014, are privileged as to the defendant.

[3]   The Investigative Team has spoken to Individual-1's counsel, who have offered to cross-reference each Individual-1 Privileged Document against the rest of the Devices in the first instance.  The Investigative Team agreed, but has also confirmed with the Filter Team that it would make that determination independently.

[4]   In the event that uploading the contents of the Devices to the Review Platform takes longer than two weeks or any other technical issues arise, the Government will update the Court about whether the estimated completion date will be able to be met.

- Request to Charge, Voir Dire, 404(b), motions *in limine*, due August 28;
- Disclosure of 3500 and *Giglio* materials for Individual-1 (except for the Devices, as described above), due August 28;[5]
- Defendant's response, due September 11;
- Government reply, due September 23;
- Disclosure of 3500 of other witnesses, due September 25.

The Government also reminds both the Court and defense counsel of two other categories of documents which Individual-1 has asserted privilege over:

- First, as the Government described in the February 26, 2020 conference, one of the Devices, Individual-1's cellular phone, includes communications with others through various messaging applications. (February 26, 2020 Tr. at 6). As the Government described at the conference, the Government produced to the defendant at the end of February 2020 the content from the cellular phone besides those communications. The Government subsequently produced to the defendant the communications between Individual-1 and the defendant on or about April 9, 2020. With respect to the remainder of the communications, the Filter Team, as described above, has been working with Individual-1's counsel to identify communications between Individual-1 and the attorneys for Individual-1 and Aberon Capital. The Government expects to produce to the defendant all communications excepting those between Individual-1 and the attorneys for Individual-1 and Aberon Capital shortly. The Filter Team is not reviewing the contents of any communications between Individual-1 and counsel.[6]
- Second, the Government has previously produced to the defendant certain emails from Individual-1's email account (as described in Agent Boddy's Declaration, Individual-1 consented to the Government's access to this email account). The Government produced to the defendant certain emails from this account in its Rule 16 productions in 2019 (as described in Agent Polonitza's Declaration). Working with Individual-1's prior counsel, the Government took steps to ensure it did not review any emails between Individual-1 and the attorneys for Individual-1 and Aberon Capital.[7]

---

[5] The Government notes that it made a voluntary disclosure of certain 3500 and *Giglio* materials for Individual-1 on April 24, 2020, though it was under no obligation to do so under the Court's April 22, 2020 Order, Dkt. No. 108. The Government notes that it will produce other non-privileged emails potentially constituting 3500 and/or *Giglio* seized from Individual-1's email account, described below, which were not previously produced, by August 28.

[6] The Government has spoken with Individual-1's counsel, and understands that Individual-1 continues to assert privilege over Individual-1's communications with counsel on the cellular phone. The Government also understands that counsel for Individual-1 will request, consistent with the Court's practice with respect to documents asserted as privileged from Individual's computers, to submit a privilege log with respect to the communications on the cellular phone.

[7] Once again, the Government has spoken with Individual-1's counsel, and understands that Individual-1 continues to assert privilege over Individual-1's communications with counsel on the

The Government is happy to answer any questions the Court may have.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: /s_____
Samuel Raymond / Tara M. La Morte
Assistant United States Attorneys
(212) 637-6519

---

email account. The Government also understands that counsel for Individual-1 will request, consistent with the Court's practice with respect to documents asserted as privileged from Individual-1's computers, to submit a privilege log with respect to potentially privileged communications in the email account.