KARKJAIP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4          v.                          19 CR 59 (PKC)

5  NIKET JAIN,

6                Defendant.

7  ------------------------------x

8                                      New York, N.Y.
                                       October 27, 2020
9                                      2:17 p.m.

10 Before:

11                 HON. P. KEVIN CASTEL,

12                                      District Judge

13                       APPEARANCES

14

15 AUDREY STRAUSS,
        Acting United States Attorney for the
16      Southern District of New York
   TARA La MORTE
17 SAMUEL RAYMOND
        Assistant United States Attorneys
18
   EMMET MARVIN & MARTIN LLP
19      Attorneys for Defendant
   BY:  PAUL TERRY WEINSTEIN
20      MORDECHAI GEISLER

21

22

23

24

25

KARKJAIP

1          (Case called)

2          MS. LA MORTE:  Would you like us to remain seated?

3          THE COURT:  Please remain seated throughout.

4          MS. LA MORTE:  Okay.  Thank you.

5          Assistant United States Attorney Tara La Morte, for

6     the government.  And I am joined by AUSA Samuel Raymond.

7          THE COURT:  Good afternoon, Ms. La Morte and

8     Mr. Raymond.

9          And for the defendant?

10         MR. WEINSTEIN:  Paul Weinstein, for Niket Jain.  And

11    with me is my colleague, Mordechai Geisler.

12         THE COURT:  All right.  And also present is Mr. Jain

13    himself?

14         MR. WEINSTEIN:  Yes, he's right here.

15         THE COURT:  Yes.

16         Good afternoon, Mr. Weinstein, Mr. Geisler, and

17    Mr. Jain.

18         Now, Mr. Jain, I have been advised that you wish to

19    enter a plea of guilty to Count Four of the indictment.  Is

20    that correct, sir?

21         THE DEFENDANT:  That is correct, your Honor.

22         THE COURT:  Before I can accept a guilty plea from

23    you, I must be satisfied that you understand the rights you

24    would have if this case proceeded to trial and the rights

25    you're giving up by pleading guilty.  Also, I must be satisfied

1   that you understand the consequences of pleading guilty and

2   that there's a factual basis for a plea of guilty. So, in a

3   moment, I'm going to have you placed under oath, and I'm going

4   to ask you certain questions, and inform you of certain rights.

5   If I ask you something or I tell you something, and you don't

6   quite understand, please let me know, and I will put it into

7   different words.

8           Do you understand all of that?

9           THE DEFENDANT: I do, your Honor.

10         THE COURT: All right.

11         Please raise your right hand, you may remain seated,

12   and the clerk will administer the oath.

13         (Defendant sworn)

14         THE COURT: Mr. Jain, you're now under oath, and your

15   answers to my questions are subject to the penalties of perjury

16   or of making a false statement if you do not answer truthfully.

17   Also, anything you say today may be used in any such

18   prosecution.

19         Do you understand that?

20         THE DEFENDANT: I do, your Honor.

21         THE COURT: All right.

22         How old are you, sir?

23         THE DEFENDANT: I'm 47 years old.

24         THE COURT: How far did you go in school?

25         THE DEFENDANT: I have a Master's.

KARKJAIP

1          THE COURT:  In what field?

2          THE DEFENDANT:  Business administration.

3          THE COURT:  All right.

4          Are you now, or have you recently been, under the care

5   of a medical doctor?

6          THE DEFENDANT:  For some typical common ailments, like

7   asthma and anxiety.

8          THE COURT:  All right.

9          Have you taken any medications in the last 24 hours?

10         THE DEFENDANT:  I have.

11         THE COURT:  All right.  What medications?

12         THE DEFENDANT:  Asthma inhaler and an antianxiety med.

13         THE COURT:  All right.

14         Do any of those medications affect the clarity of your

15   thinking?

16         THE DEFENDANT:  No, they do not, your Honor.

17         THE COURT:  All right.

18         Mr. Jain, you can pull the microphone slightly closer.

19   Yes, move the base, that's it.

20         Is your mind clear today?

21         THE DEFENDANT:  It is, your Honor.

22         THE COURT:  Do you understand what's happening?

23         THE DEFENDANT:  I do.

24         THE COURT:  Mr. Weinstein, any doubts as to the

25   defendant's competence to proceed?

1          MR. WEINSTEIN:  No, your Honor.

2          THE COURT:  All right.

3          Based upon my observations -- oh, one other question:

4     Have you ever been treated for a mental health problem?

5          THE DEFENDANT:  Nothing severe.  Just anxiety, I

6     guess.

7          THE COURT:  Okay.  All right.

8          Based upon responses to my questions and my

9     observations of demeanor, I find that the defendant is fully

10    competent to enter an informed plea.

11         Now, Mr. Jain, have you discussed the charges against

12    you, the evidence against you, any appellate rights that you

13    might have if the case proceeded to trial, the risks and

14    benefits of proceeding to trial with your attorney,

15    Mr. Weinstein?

16         THE DEFENDANT:  I have.

17         THE COURT:  Have you considered all of your options in

18    this case?

19         THE DEFENDANT:  I have, your Honor.

20         THE COURT:  Have you had enough time to consider those

21    options?

22         THE DEFENDANT:  I have, your Honor.

23         THE COURT:  Are you satisfied with your lawyer's

24    representation of you?

25         THE DEFENDANT:  Extremely satisfied.

1          THE COURT:  All right.

2          I'm now going to explain to you the rights that you

3     would have if this case proceeded to trial and the rights

4     you're giving up by pleading guilty.

5          Under the Constitution and laws of the United States,

6     you are entitled to a speedy and public trial by an impartial

7     jury on the charges contained in the indictment.  Do you

8     understand that?

9          THE DEFENDANT:  I do.

10          THE COURT:  At such a trial, you would not have to

11    prove that you were innocent.  The government would be required

12    to prove each element of each crime by proof beyond a

13    reasonable doubt.  Before a jury could find you guilty, they

14    must unanimously agree that each element of the charge has been

15    proven beyond a reasonable doubt.

16          Do you understand that?

17          THE DEFENDANT:  I do.

18          THE COURT:  You would be presumed innocent throughout

19    the trial until such time, if ever, that the government proved

20    your guilt beyond a reasonable doubt.  Do you understand that?

21          THE DEFENDANT:  I do.

22          THE COURT:  At such a trial, you would be entitled to

23    be represented by a lawyer, and if you could not afford a

24    lawyer, one would be appointed at public expense.  Do you

25    understand that?

KARKJAIP

1          THE DEFENDANT:  I do.

2          THE COURT:  At such a trial, the witnesses for the

3     government would have to come to court to testify, you would be

4     able to see and hear them, your lawyer could question them

5     through cross-examination, your lawyer could object to evidence

6     offered by the government, your lawyer could present evidence,

7     and to ask the Court to compel witnesses to appear at trial on

8     your behalf.

9          Do you understand all of that?

10         THE DEFENDANT:  I do.

11         THE COURT:  If there were a trial, you would have the

12    right to testify if you chose to do so, you could come up here

13    and take the witness stand.  Also, you would have the right not

14    to testify, and no one would be permitted to draw any inference

15    or suggestion of guilt from the fact that you decided not to

16    testify.

17         Do you understand all of that?

18         THE DEFENDANT:  I do.

19         THE COURT:  If you were found guilty at trial, you

20    would have the right to appeal that finding.  Do you understand

21    that?

22         THE DEFENDANT:  I do.

23         THE COURT:  All right.

24         Now, there's something else I wish to inform you of,

25    Mr. Jain.  On the 21st of October, last week, the President of

1   the United States signed into law the Due Process Protections

2   Act.

3            Are you familiar with this statute?

4            THE DEFENDANT:  No, your Honor.

5            THE COURT:  Are you, Mr. Weinstein?

6            MR. WEINSTEIN:  No, I am not.

7            THE COURT:  Ms. La Morte, are you familiar with it?

8            MS. LA MORTE:  Yes, your Honor.

9            THE COURT:  Okay.

10           Well, under the statute, Rule 5(f) of the Federal

11  Rules of Criminal Procedure have been amended, and I am

12  obligated to remind, and I hereby remind, the government of its

13  obligations under Brady v. Maryland and its progeny to disclose

14  to the defense all information, whether admissible or not, that

15  is favorable to the defendant material to guilt or to

16  punishment and known to the government.  The government must

17  make good-faith efforts to disclose such information to the

18  defense as soon as reasonably possible after its existence

19  becomes known to the government.

20           As part of these obligations, the government must

21  disclose information that can be used to impeach the trial

22  testimony of a government witness within the meaning of Giglio

23  v. United States and its progeny, and must do so sufficiently

24  in advance of trial in order for the defendant to make

25  effective use of it at trial.

1    I remind you that these obligations are continuing

2   ones and that they apply to information whether or not you

3   credit it.  I remind you that, for these purposes, the

4   government includes any federal, state, and local prosecutors,

5   law enforcement officers, and other officials who have

6   participated in the investigation and prosecution in the

7   charged offenses, whether or not such officials are part of the

8   team, and that you, the prosecution, have an affirmative

9   obligation to seek from these sources all information subject

10  to disclosure.

11    Finally, I caution the government that if it fails to

12  comply with this order, any number of consequences may follow:

13  One, I may order production of the information and specify the

14  terms and conditions of such production; two, I may grant a

15  continuance; three, I may impose evidentiary sanctions; four, I

16  may impose sanctions on any responsible lawyer for the

17  government; five, I may dismiss charges before trial or vacate

18  a conviction after trial or a guilty plea; or, six, I may enter

19  any other order that is just under the circumstances.

20    Ms. La Morte, do you understand these obligations and

21  confirm that you have fulfilled them?

22    MS. LA MORTE:  Yes, your Honor, I do.

23    THE COURT:  All right.

24    I am going to ask the clerk to hand out a copy of a

25  written order, which I have docketed pursuant to the terms of

1   Rule 5(f).

2           Now, in this case, the defendant correctly asserted

3   that the government had something approximately five terabytes

4   of information that was known to the government, my

5   recollection, as early as October 2018, but was not disclosed

6   to the defense until February 2020, and I further understand

7   that there are some documents that may not have been disclosed

8   to the government that were assertedly covered by a privilege

9   between Individual 1 and Individual 1's attorney.

10          Well, first of all, is that an accurate statement,

11  Ms. La Morte?

12          MS. LA MORTE:  Yes, your Honor.

13          THE COURT:  And you agree, Mr. Raymond?

14          MR. RAYMOND:  Yes, your Honor.

15          THE COURT:  And you also agree, Mr. Raymond, that you

16  understand the obligations under Brady and Giglio and its

17  progeny?

18          MR. RAYMOND:  Yes, your Honor.

19          THE COURT:  Okay.

20          First of all, Mr. Jain, knowing that there is material

21  that has not yet been produced, the privileged material, do you

22  still wish to enter a plea of guilty in this case?

23          THE DEFENDANT:  I do, your Honor.

24          THE COURT:  Do you understand that that information

25  may be information that I might have ruled was not privileged

1   or I might have ruled the Constitution, and Brady, and Giglio

2   required to be produced to you whether or not it was

3   privileged?

4           Do you understand that?

5           THE DEFENDANT:  I do, your Honor.

6           THE COURT:  You understand that by pleading guilty,

7   you're giving up that right?

8           THE DEFENDANT:  I do, your Honor.

9           THE COURT:  Do you understand that by pleading guilty,

10  you're giving up all of the pretrial challenges that you have

11  made to the indictment, to the manner in which discovery

12  materials were produced to you, the manner in which you assert

13  that you were deprived the right to select counsel of your

14  choice, the assertion that your due process rights were

15  violated, and that your speedy trial rights were violated, as

16  well as any other argument that you have or could have been

17  made in this case?

18          Do you realize you're giving those rights up by

19  pleading guilty?

20          THE DEFENDANT:  I do, your Honor.

21          THE COURT:  Do you understand that if you plead

22  guilty, you may neither appeal on any of those bases --

23          THE DEFENDANT:  I do.

24          THE COURT:  -- nor attack the conviction on any of

25  those bases?  Do you understand all of that?

1          THE DEFENDANT:  I'm aware, your Honor.

2          THE COURT:  Now, is this something you've discussed

3    with Mr. Weinstein?

4          THE DEFENDANT:  It is.

5          THE COURT:  Can you confirm that, Mr. Weinstein?

6          MR. WEINSTEIN:  Yes, we certainly did discuss that.  I

7    will say that I had not expected this order from your Honor.

8    If there had been a change in the law since October 21st, in

9    the last approximately week, that benefits Mr. Jain, and would

10   possibly allow the renewal of his motions, and lead to the

11   dismissal of the indictment, if there had been a change in the

12   law that would bring that about, I would have to look at that.

13         THE COURT:  Well, Mr. Weinstein, I place no

14   restrictions on anyone coming into this courtroom.  If you'd

15   like to adjourn the plea, you can.  I don't become the

16   guarantor of your job.

17         MR. WEINSTEIN:  Of course.

18         THE COURT:  I have not read any slip opinions bearing

19   on remedies for Brady violations, I can't help you with that,

20   but would you like an adjournment?  My only fear is if I give

21   you the adjournment, won't you need an adjournment today of the

22   adjourned date to see whether there were any since you walked

23   into court?

24         MR. WEINSTEIN:  Oh, no, it's not that.  Your Honor

25   identified the passage of a new law --

1      THE COURT:  Yes.

2      MR. WEINSTEIN:  -- six days ago.

3      THE COURT:  Yes.  So would you like an adjournment?  I

4  told you what the law is, but you're welcome to have an

5  adjournment.  I don't give you a guarantee.  It's an amendment

6  to Rule 5, and as I told you, it's an amendment that requires

7  written and oral notice to defendants and to the government of

8  the government's obligations under Brady and its progeny.

9  That's my understanding of what Rule 5 is.

10      Why don't we adjourn.  Look, you can come back in a

11  couple of hours, you can come back tomorrow, go look at the

12  law.  I don't issue guarantees, sir.

13      MR. WEINSTEIN:  And I understand completely.  I think

14  15 minutes might do it.

15      THE COURT:  That's fine.

16      MR. WEINSTEIN:  I want to make sure it's not

17  retroactive, and I want to take --

18      THE COURT:  Well, it's effective immediately; it

19  applies to this case.  It applies to this case.

20      MR. WEINSTEIN:  Right.  And it appears --

21      THE COURT:  So if you want to call that retroactive,

22  it applies to it.  It doesn't require the Court to do something

23  at a past time.

24      MR. WEINSTEIN:  Right.

25      THE COURT:  It is effective and applies to this case.

KARKJAIP

1      MR. WEINSTEIN:  May I respectfully have 15 minutes --

2      THE COURT:  Absolutely.

3      MR. WEINSTEIN:  -- to take a look at this?  Thank you

4  very much.

5      THE COURT:  All right.

6      MR. WEINSTEIN:  We're going to step out.

7      THE DEPUTY CLERK:  Do you want to go into the jury

8  room?

9      MR. WEINSTEIN:  Yes, that would be wonderful.  Thank

10  you.

11      (Recess)

12      THE COURT:  Mr. Weinstein, have you had an opportunity

13  to examine the statute, review it, discuss it with your client?

14      MR. WEINSTEIN:  Yes.

15      THE COURT:  What, if anything, would you like to do

16  today?  Would you like an adjournment?  What would you like?

17      MR. WEINSTEIN:  No, your Honor.  My understanding is

18  that we're prepared to continue, and I thank you, your Honor,

19  for the adjournment and for the copy of the new section, and

20  we've also reviewed your Honor's order.  Thank you very much.

21      THE COURT:  All right.

22      Mr. Jain, you recall what I told you a few moments ago

23  about giving up your right to challenge, among other things,

24  any failure by the government to produce Brady or Giglio

25  materials, or any impairment of your right to select counsel,

1   your right to a speedy trial, your right to due process of law,

2   and you understand by pleading guilty, you give you your right

3   to continue that challenge?

4           THE DEFENDANT:  I do, your Honor.

5           THE COURT:  And you still wish to plead guilty?

6           THE DEFENDANT:  I do.

7           THE COURT:  All right.

8           If you proceeded to trial and were found guilty, not

9   only would you be able to appeal the finding of guilt, but you

10  could also appeal all of these pretrial rulings.  Do you

11  understand that?

12          THE DEFENDANT:  I do.

13          THE COURT:  And you understand you're giving up those

14  rights?

15          THE DEFENDANT:  I do, your Honor.

16          THE COURT:  Now, those are the rights you would have

17  if you went to trial.  If I accept a plea of guilty from you,

18  there will be no trial.  You will proceed to the sentencing

19  phase in which the Court will determine the punishment to be

20  imposed on you.  Even now, you have the right to change your

21  mind, and instead of pleading guilty, you may plead not guilty

22  and go to trial.

23          Do you wish to plead not guilty and go to trial?

24          THE DEFENDANT:  I do not.

25          THE COURT:  Do you understand that Count Four of the

indictment charges you with obstruction of justice on or about

January 26, 2018, in connection with providing false sworn

testimony in an official proceeding before the SEC?

THE DEFENDANT:  I do.

THE COURT:  Do you understand that Count Four carries

a maximum sentence of imprisonment of 20 years, a maximum term

of supervised release of three years, a maximum fine of

$250,000, and a mandatory $100 special assessment?

Do you understand all that?

THE DEFENDANT:  I do.

THE COURT:  Now, with regard to supervised release,

there are terms and conditions attached to it, and if you do

not live up to those terms and conditions, you can be returned

to prison for the full period of supervised release.  So, say,

you receive a prison term to be followed by a period of three

years' supervised release, and you live up to the terms of

supervised release for two years, but then you violate one of

the terms, you can be returned to prison for a full period of

three years.

Do you understand that?

THE DEFENDANT:  I do.

THE COURT:  Are you a United States citizen?

THE DEFENDANT:  I am, your Honor.

THE COURT:  Among the consequences of pleading guilty

are that you give up valuable civil rights, such as the right

KARKJAIP

1  to vote, to hold public office, to possess a firearm, to serve

2  on a jury, to hold certain other licenses, and to receive

3  certain government benefits.

4           Do you understand all that?

5           THE DEFENDANT:  I do.

6           THE COURT:  Are you serving any other sentence, state

7  or federal, or being prosecuted in any other court for any

8  other crime?

9           THE DEFENDANT:  No, your Honor.

10          THE COURT:  In sentencing you, I will receive a

11 presentence report prepared by the office of probation that

12 gives me background information and a recommended range of

13 sentence under the sentencing guidelines.  After hearing from

14 the government and from your lawyer, I will make my own

15 determination of the correct guideline range that applies in

16 your case.  Even after determining the correct guideline range,

17 I need not follow it, and can sentence you all the way up to

18 the statutory maximum.  The guidelines are advisory, and they

19 are one of the factors that the Court takes account of under a

20 sentencing statute commonly known as Section 3553(a).

21          Do you understand all of that?

22          THE DEFENDANT:  I do, your Honor.

23          THE COURT:  Now, I understand there's been a plea

24 agreement entered into between you and the government.  Is that

25 correct?

1          THE DEFENDANT:  That is correct.

2          THE COURT:  I have before me a five-page letter

3     agreement on the letterhead of the U.S. Department of Justice,

4     dated October 7, 2020, addressed to Paul Weinstein, and bearing

5     what may be your signature on the last page.

6          I'd ask the deputy to place that document in front of

7     you.  Take a look at it, Mr. Jain.

8          Is that your agreement with the government?

9          THE DEFENDANT:  I do think it is.

10          THE COURT:  Well, take a look to see whether that's

11     your signature on the last page.

12          THE DEFENDANT:  It is.

13          THE COURT:  So is that your plea agreement with the

14     government?

15          THE DEFENDANT:  It is, your Honor, yes.

16          THE COURT:  Did you read it before you signed it?

17          THE DEFENDANT:  I did.

18          THE COURT:  Did you ask Mr. Weinstein questions about

19     it before you signed it?

20          THE DEFENDANT:  I did.

21          THE COURT:  Did he answer those questions to your

22     satisfaction?

23          THE DEFENDANT:  He did.

24          THE COURT:  Did you understand the plea agreement

25     before you signed it?

1          THE DEFENDANT:  I did.

2          THE COURT:  Did anyone threaten you or force you in

3    any way to enter into the plea agreement or to plead guilty?

4          THE DEFENDANT:  No.

5          THE COURT:  Has anyone promised you anything or given

6    you anything of value in order to get you to enter into the

7    plea agreement or to plead guilty?

8          THE DEFENDANT:  No.

9          THE COURT:  Does the plea agreement contain all of

10   your understandings with the government?

11         THE DEFENDANT:  It does.

12         THE COURT:  I want you to know, Mr. Jain, that any

13   prediction, calculation, or estimate that anyone has made to

14   you as to what sentence I might give you is not binding on me,

15   not binding on the Court, and if it turns out to be wrong, you

16   will not be permitted to withdraw your guilty plea.

17         Do you understand all that?

18         THE DEFENDANT:  I do.

19         THE COURT:  Now, one of the features of your plea

20   agreement is that you and the government have agreed on a

21   stipulated guideline range that applies in your case, and that

22   stipulated guidelines range is ten to sixteen months'

23   imprisonment.

24         Is that correct?

25         THE DEFENDANT:  Yes, your Honor.

KARKJAIP

1    THE COURT:  That agreement is binding on you, and it's

2    binding on the government, but, as I told you before, I have my

3    own obligation to determine the correct guideline range in your

4    case.

5    One of the features of your agreement with the

6    government is that if I should sentence you within the

7    stipulated guidelines ranges — that is, within the stipulated

8    guideline range of ten to sixteen months' imprisonment — the

9    government has agreed not to appeal, they have agreed not to

10   appeal if I sentence you within that range or above that range.

11   Do you understand that?

12   THE DEFENDANT:  I do.

13   THE COURT:  And you have agreed that if I sentence you

14   within the stipulated guideline range of ten to sixteen months'

15   imprisonment or below that range, you will not appeal or

16   collaterally attack the sentence.

17   Is that correct, sir?

18   THE DEFENDANT:  That is correct.

19   THE COURT:  You have waived your right to appeal or

20   attack the sentence unless the sentence is above the stipulated

21   guideline range in the plea agreement, and, in that event, the

22   law will only allow you to appeal on the basis that the

23   sentence is unreasonable or contrary to law.

24   Do you understand all that?

25   THE DEFENDANT:  I do.

1        THE COURT:  All right.

2        Let me hear from the government.  I'm going to ask the

3   government to lay out, first of all, the elements of the crime

4   and what, in summary, would be the government's evidence if the

5   case proceeded to trial.  This is with regard to Count Four,

6   the count to which Mr. Jain has offered to plead guilty.

7        MS. LA MORTE:  Yes, your Honor.

8        The elements of Count Four that the government would

9   have to prove beyond a reasonable doubt are as follows:  First,

10  an official proceeding was pending, was about to be instituted,

11  or was reasonably foreseeable to the defendant;

12       Second, that the defendant obstructed, influenced, or

13  impeded that official proceeding or attempted to do so;

14       And, third, that the defendant acted corruptly.  The

15  government would have to prove each of those beyond a

16  reasonable doubt.

17       In addition, the government would have to prove venue

18  in the Southern District of New York by a preponderance of the

19  evidence.

20       If the government were to proceed to trial, its proof

21  would consist of the following:  Documents and witness

22  testimony confirming the falsity of the defendant's testimony

23  to the SEC regarding documents put in front of him; the

24  defendant's deposition transcript itself, reflecting his

25  deposition testimony with respect to the SEC; and testimony

1  regarding materiality of his false answers in the context of

2  the SEC's investigation.

3       And in addition, the government would put forward

4  evidence that the deposition happened in the Southern District

5  of New York.

6       THE COURT:  All right.

7       Mr. Jain, please tell me, in your own words, what you

8  did that leads you to believe that you are guilty of the crime

9  charged in Count Four of the indictment.

10      THE DEFENDANT:  Sure, your Honor.

11      On January 26, 2018, in an SEC deposition in

12 Manhattan, I was asked whether I knew a document dated

13 approximately December 2012, which had been received by Aberon

14 from a third party and which listed the value given by the

15 third party for Aberon Assets had been doctored, and I answered

16 no, when I knew the document listing the Aberon Assets had been

17 changed from how it appeared when it was received by Aberon

18 from the third party to increase the value that appeared to be

19 assets held by Aberon.  I made this statement in my deposition

20 knowing that the response I gave was inaccurate.

21      THE COURT:  All right.

22      Mr. Jain, is that, in fact, what happened?

23      THE DEFENDANT:  That is, in fact, what happened, your

24 Honor.

25      THE COURT:  All right.

1    Does the government agree there's a sufficient factual

2 predicate for a plea of guilty in this case?

3    MS. LA MORTE:  Yes, your Honor.

4    THE COURT:  Mr. Weinstein, do you agree there's a

5 sufficient factual predicate?

6    MR. WEINSTEIN:  Yes, your Honor.

7    THE COURT:  Are you aware of any defense that would

8 likely prevail at trial or any other reason why your client

9 should not be permitted to plead guilty?

10    MR. WEINSTEIN:  No, your Honor.

11    THE COURT:  All right.

12    Mr. Jain, with regard to Count Four of the indictment,

13 how do you plead, guilty or not guilty?

14    THE DEFENDANT:  I plead guilty, your Honor.

15    THE COURT:  Based upon your responses to my questions

16 and my observations of your demeanor, I find that you know your

17 rights, you know the consequences of pleading guilty, and

18 there's a factual basis for your plea of guilty.  Your plea of

19 guilty is accepted.

20    Further, I find that your plea agreement was

21 knowingly, intelligently, and voluntarily entered into, and, in

22 particular, you know, understand, and appreciate the waiver of

23 your right to appeal or collaterally attack a sentence under

24 specified circumstances.  Your plea of guilty to Count Four is

25 accepted.

KARKJAIP

1      I will order a presentence investigation and report

2  and direct that no interview of you take place unless your

3  counsel is present.  It's important that you be truthful,

4  candid, honest with the people who prepare the presentence

5  report, tell them the good things, and tell them the not so

6  good things.  The report will be important in my decision on

7  sentencing.  Before the day of sentencing, you will have the

8  opportunity to review that report.  I urge you to do so

9  carefully.  If there are any mistakes, point them out to

10  Mr. Weinstein, so he can point them out to me.

11      Sentencing in this case is set for January 6, 2021, at

12  3:00 p.m., and bail will continue until then.

13      Anything further from the government?

14      MS. LA MORTE:  No, your Honor.  Thank you.

15      THE COURT:  Anything further from the defendant?

16      MR. WEINSTEIN:  No, your Honor.  Thank you very much.

17      THE COURT:  All right.  Thank you, all, very much.  We

18  are adjourned.

19                          *  *  *

20

21

22

23

24

25